**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Delroy A. BAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed Feb. 25, 2003.

---

**3.** *Commonwealth v. Crosland,* 397 Pa.Super.    622, 580 A.2d 804 (1990).

Gary F. Vitko, Johnstown, for appellant.

Don A. Gerred, Asst. Dist. Atty., Ebensburg, for Com., appellee.

BEFORE: JOYCE, STEVENS and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 On February 13, 1996, after pleading guilty on January 4, 1996 to two counts of corrupt organizations (RICO),[1] five counts of criminal conspiracy[2] to deliver a controlled substance and 26 counts of delivery of a controlled substance,[3] the appellant, Delroy A. Bailey, was sentenced to ten (10) to twenty (20) years imprisonment and fined $1.4 million dollars. Trial Court Opinion, Creany, J., 6/18/96. The charges arose as a result of appellant's involvement with a crack cocaine distribution enterprise in the city of Johnstown, Pennsylvania. On June 18, 1996, appellant's motion to withdraw his guilty plea was denied, but the court did modify sentence by reducing the fine imposed. We affirmed judgment of sentence on July 16, 1997, but the Supreme Court, based on *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655 (1996) and *Commonwealth v.*

*Shaffer*, 557 Pa. 453, 734 A.2d 840 (1999), on July 20, 1999, vacated the sentence and remanded for resentencing, concluding appellant was wrongly convicted on the RICO counts. *Commonwealth v. Bailey*, 701 A.2d 774 (Pa.Super.1997), *sentence vacated and case remanded*, 557 Pa. 434, 734 A.2d 388 (1999).

¶ 2 On September 28, 1999, the trial court vacated the sentence as it related to the RICO convictions, and re-sentenced appellant to an identical, aggregate term of imprisonment of ten to twenty years, with credit for time served since July 4, 1994, and fined him $1.7 million dollars.[4] Record, No. 65, Order. His motion for reconsideration of sentence was denied by Order dated October 22, 1999, and no direct appeal was filed.

¶ 3 On July 11, 2000, appellant filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. On September 21, 2000, the PCRA court granted appellant's request that he be allowed to appeal *nunc pro tunc* from the judgment of sentence entered September 28, 1999. This counseled appeal followed.

¶ 4 Appellant's sole argument on appeal is that the sentence imposed is manifestly excessive considering the fact the RICO charges were dismissed as inapplicable to his case. Appellant contends that because the initial sentencing court's reason for deviating from the standard range was due to the RICO charges, and those charges were found inapplicable, the original 10 to 20 year sentence logically should have been lessened, rather than remain the same.

---

1.  18 Pa.C.S.A. § 911.

2.  *Id.,* § 903.

3.  35 P.S. § 780–113(A)(30).

4.  Appellant avers the fine imposed was $1.3 million. Appellant's brief at 12.

At the re-sentencing hearing, the lower court vacated the RICO charges and again sentenced the Defendant to 10 to 20 years and fined him 1.3 million dollars. During this second hearing, it appears that the lower court was still focused on the circumstances surrounding the RICO offenses. The lower court used the same language to explain to the Defendant why aspects of the sentence were so harsh. Further, the lower court ignored traits of the defendant when imposing this unreasonable sentence. Although the second sentence is within the standard guideline range, the sentence is manifestly unreasonable because the lower court prejudiced the defendant by focusing on the circumstances surrounding offenses that had been held not to be a crime by the defendant.

Appellant's brief at 12. Appellant does not challenge the legality of his sentence, merely that the court abused its discretion by imposing a sentence identical to that previously imposed and deviating from the guidelines based on the RICO charges.

A challenge to the discretionary aspects of a sentence requires the claimant to set forth in his brief a separate, concise statement of the reasons relied upon for the allowance of appeal as to that challenge. Appellant has complied with this requirement.

This Court may reach the merits of an appeal challenging the discretionary aspects of a sentence only if it appears that a substantial question exists as to whether the sentence imposed is not appropriate under the Sentencing Code.

A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin,* 804 A.2d 1, 7 (Pa.Super.2002) (citations omitted).

■ ¶ 5 Recently, in *Commonwealth v. Mouzon,* 812 A.2d 617 (Pa.2002) (plurality decision), the Pennsylvania Supreme Court held as follows:

If an appellant ... complies with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing, and articulates in his Rule 2119(f) statement a substantial question so as to warrant appellate review, § 9781 requires the Superior Court to review the manner in which the trial court exercised its discretion. This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Mouzon, supra* at 627.

¶ 6 In its Pa.R.A.P. 1925 statement, the sentencing court reasoned:

[u]pon resentencing on September 28, 1999, the RICO violation was vacated in accordance with the Supreme Court's Order and the appellant received a term of four to eight years (No.1535(i)) [delivery], consecutive to two to four years (No.1535(j)) [conspiracy], consecutive to four to eight years (No.1535(k)) [delivery]. The new sentences did not increase or decrease, but essentially reflected the original sentences, however,

were imposed in view of the number of counts against the appellant on which resentencing was required, the seriousness of the original crimes, the character of the appellant and the particular circumstances of the offenses. All were within standard sentencing guideline range. The appellant does not claim that his sentence is illegal, but only that the court abused its discretion. An abuse of discretion is more than just an error in judgment, and on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result o[f] partiality, prejudice, bias, or illwill. *Commonwealth v. Burkholder,* —— Pa.Super. ——, 719 A.2d 346, 350 (1998), 42 Pa.C.S. § 9781(c). We respectfully suggest that the sentence was neither unreasonable nor outside the applicable guideline ranges, and that no substantial question exists in this challenge to the discretionary aspects of the appellant's sentence.

Trial Court Opinion, Creany, J., 7/19/02, at 2.

¶ 7 In sharp contrast, appellant argues, since the judgment of sentence imposed on September 28, 1999 is more or less identical in severity, albeit within the guidelines, to the overturned sentence imposed on February 13, 1996, the judgment of sentence at-hand therefore must be manifestly excessive and harsh because at the resentencing he was faced with fewer felony convictions.

¶ 8 Unfortunately for appellant, his legal approach on appeal is fatally flawed. The one and only issue on appeal is whether or not the sentence imposed on September 28, 1999 is legally sound on its own. Stated more succinctly, in order for appellant to prevail on appeal, he must demonstrate to this Court that the September 1999

sentence is either illegal or contrary to the general scheme of the Sentencing Guidelines, not how the sentence at hand may *appear* in comparison to an extinguished sentence. *See Commonwealth v. Kenner,* 784 A.2d 808 (Pa.Super.2001); *see also* 42 Pa.C.S.A. § 9781, Appellate review of sentence. In sum, this Court is not a forum for comparison-shopping.

¶ 9 In this regard, appellant has failed to present a substantial question worthy of review and our independent examination of the record has also failed to reveal a substantial question regarding the appropriateness of the judgment of sentence. Accordingly, we dismiss the appeal.

¶ 10 Appeal dismissed.

¶ 11 Judgment of sentence affirmed.