J-S42037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK D. COLLINS A/K/A | : | |
| FREDERICK DOUGLAS COLLINS | : | |
| | : | No. 588 WDA 2022 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012275-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK D. COLLINS A/K/A | : | |
| FREDERICK DOUGLAS COLLINS | : | |
| | : | No. 589 WDA 2022 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013685-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK D. COLLINS | : | |
| | : | |
| Appellant | : | No. 590 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013238-2015

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :   PENNSYLVANIA
                          :
          v.                :
                          :
                          :
FREDERICK D. COLLINS           :
                          :
        Appellant       :   No. 591 WDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013236-2015

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :   PENNSYLVANIA
                          :
          v.                :
                          :
                          :
FREDERICK D. COLLINS           :
                          :
        Appellant       :   No. 592 WDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013234-2015

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :   PENNSYLVANIA
                          :
          v.                :
                          :
                          :
FREDERICK D. COLLINS           :
                          :
        Appellant       :   No. 593 WDA 2022

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013218-2015

J-S42037-22

BEFORE: BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.: FILED: MARCH 30, 2023

Frederick D. Collins appeals from the judgment of sentence imposed following resentencing whereupon he received an aggregate incarceration term of sixteen to thirty-two years for aggravated assault, prohibited possession of a firearm, and intimidation of a witness/victim.[1] Collins's counsel has concurrently filed a petition to withdraw from representation and, too, has filed a corresponding brief pursuant to **Anders v. California**. **See** 386 U.S. 783 (1967). After a thorough review of the record, we affirm the judgment of sentence and further grant counsel's petition to withdraw.

The parties are well aware of the facts underpinning Collins's convictions. However, we replicate the factual summary as written by this Court in Collins's original direct appeal:

> [Collins] was charged with a series of offenses arising from events between July and October of 2015, when he was 34½ years old. On October 25, 2016, [Collins] pleaded *nolo contendere* to multiple charges at the above caption numbers. The trial court identified the charges and informed [Collins] of the maximum sentence for each offense, and [Collins] acknowledged that he understood the charges. The Commonwealth summarized the relevant facts as follows:
>
>> [H]ad we proceeded to trial [at CP-02-CR-0013234-2015], we would have called officers from the City of McKeesport Police Department, [and] they would have testified that on September 6th of 2015 at about 4:22 p.m., they were

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2702(a)(1); 18 Pa.C.S.A. § 6105(a)(1); and 18 Pa.C.S.A. § 4952(a)(3), respectively.

- 3 -

notified by Shona Green that a male had pointed a gun at her. Shona's neighbor, Michelle Simpson, had asked Shona to go over to Michelle's house to feed her dog. When Shona Green went to the house, the door swung open and [Collins] was standing there pointing a silver pistol at her and he said to her: What the fuck are you doing at my house? I will fucking shoot you. So Shona then ran away.

Six minutes later . . . at [CP-02-CR-0013236-2015], West Mifflin police received a dispatch about the prior incident[; they received a report from] Michelle Simpson who stated that [Collins] was on his way to Monview Heights to kill her and everyone else. The officers arrived on scene, observed a silver minivan exiting the front gate and they pursued the van, initiated a traffic stop, and the officer asked who the passenger was and he stated his name was Louis Ellis, [and] they later identified him as [Collins]. They identified the driver as Daryl Waite who apparently was a jitney driver and Waite told them that [Collins] had entered the vehicle with a firearm, he pulled the firearm and said take me to Monview. During the drive[,] [Collins] stated he was going to kill her, and Waite said that . . . there was a firearm in the glove compartment which the officer retrieved. There are two firearms charges [for] which we would have provided the certificate of non-licensure. Then at the lab, the firearm was identified as a .25–caliber Raven Arms pistol 912566, good operation, no barrel length in the report, but the officer would testify it was less than 16 inches. As to the persons not to possess, we would have introduced a certified conviction for robbery of a motor vehicle and aggravated assault, November 19th of 2001, at CC 1999-14932.

* * *

In [CP-02-CR-0013218-2015], had this matter proceeded to trial, the Commonwealth would have called witnesses from McKeesport City Police Department, as well as the victim in this matter, Michelle Simpson. The testimony would have been heard that on or about July 16, 2015, in Allegheny County, that [Collins] threatened the victim as well as her juvenile daughter, who was six years old at the time, that he would kill Michelle Simpson as well as physically assault her six-year-old daughter. [Collins] also physically assaulted the victim Michelle Simpson by punching her in

- 4 -

the back of the head.

Moving on to . . . [CP-02-CR-0013685-2015], had this matter proceeded to trial, the Commonwealth would have called officers from the West Mifflin Borough Police Department, namely Officer Joseph Hoffman, Officer Robert Fedor and Officer Michael Pintigh . . . Further the Commonwealth would have called a witness who was the victim, Michelle Simpson, as well as Magisterial District Judge Richard Olasz. The testimony would have been heard that on or about October 1, 2015, in the County of Allegheny that a preliminary hearing was being held where [Collins] was Mr. Collins and the victim was Michelle Simpson, during the course of that preliminary hearing, Mr. Collins became disorderly and was removed from the hearing. On the way out of the hearing, he threatened the victim Michelle Simpson and threatened to kill her, put his hand in the shape of a gun. He further threatened to kill Officer Joseph Hoffman and Officer Robert Fedor. Later, MDJ Olasz was leaving the hearing. As he walked by the police car where [Collins] was being held, [Collins] threatened Judge Olasz and said that he would kill him as well. At this time he was currently at preliminary hearing facing charges of felonies of a first degree for a prior assault on Michelle Simpson. While in the police car [Collins] was handcuffed, however, he was able to remove his hands from a handcuff. During that time Officer Joseph Hoffman and Officer Robert Fedor were present. [Collins] physically resisted their arrest resulting in them deploying their Tasers at him. Further, while [Collins] was in the police car he did defecate and damage the police car with the feces.

Moving on to [CP-02-CR-0013238-2015,] had this matter proceeded to trial, the Commonwealth would have called witnesses from the City of McKeesport Police Department, as well as the victim in this matter, Michelle Simpson. Had this matter proceeded to trial, the testimony would have been heard that on or about September 5, 2015, that [Collins] physically assaulted Michelle Simpson with a firearm, striking her in the face with it. Further, he threatened both her and her 7-year-old daughter who was asleep on the couch with her with the firearm, threatening to kill both of them.

* * *

> [H]ad [CP-02-CR-0013275-2015] proceeded to trial on . . . three . . . counts of terroristic threats, the Commonwealth would have called officers from the West Mifflin Borough Police Department, as well as the victim in this matter, Michelle Simpson, as well as Jason Steward. Here testimony would have been heard that on or about September 6, 2015, that [Collins] had threatened the three victims, to kill all of them. Mr. Steward was currently in a relationship with Ms. Simpson, and Ms. Simpson's daughter was present when [Collins] threatened to kill all of them.
>
> The trial court accepted [Collins's] *nolo contendere* plea as knowing, voluntary and intelligent, adding that [Collins] could receive a maximum of 203 years' imprisonment.

***Commonwealth v. Collins***, No. 1265 WDA 2017, at 2-4 (Pa. Super., filed July 16, 2018) (unpublished memorandum) (record citations omitted).

Collins orally attempted to withdraw from the *nolo contendere* plea prior to sentencing. However, the sentencing court denied this attempt, which it construed as a motion, and sentenced him to an aggregate twenty-three-and-one-half to forty-seven years of incarceration.[2] This Court affirmed his judgment of sentence on appeal, and Collins's subsequent petition for

---

[2] Both this Court in the prior memorandum and the lower court in the present matter refer to Collins's original aggregate sentence as spanning twenty-five to fifty years. However, the **Anders** brief and Commonwealth brief both indicate that the original aggregate sentence was twenty-three-and-one-half to forty-seven years of incarceration. The latter appears to be the correct aggregation: "Appellant's [Post Conviction Relief Act] Petition, as well as the sentencing transcript in this case reflect that Judge McDaniel imposed a sentence of 4 to 8 years of incarceration[;] however, the Sentencing Order and a Sentence Status Summary obtained from the Department of Corrections indicate that the sentence imposed at CP-02-CR0012275-2015, Count 4, was actually 2 ½ to 5 years of incarceration." Commonwealth's Brief, at 5 n.1.

allowance of appeal to our Supreme Court was denied.

In 2019, Collins filed a *pro se* petition pursuant to the Post Conviction Relief Act. **See** 42 Pa.C.S.A. §§ 9541-9546. Counsel thereafter filed an amended petition premised on a claim of double jeopardy, principally contending that "two sentences imposed for possession of a firearm during [a charged] incident … constituted a single continuing offense." Trial Court Opinion, 9/6/22, at 2. Ultimately, Collins was granted relief and was resentenced.[3]

Following resentencing, Collins filed a post-sentence motion, which was denied. Collins filed a timely notice of appeal, and the relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Collins claims that the court abused its discretion in imposing a new sentence that was not individualized, instead opting to, in essence, merely reimpose his original sentence. **See Anders** Brief, at 8. As indicated, *supra*, Collins's counsel simultaneously has filed a petition to withdraw from representation and an **Anders** brief. We note that Collins has not filed a *pro se* response to this brief, and the record does not demonstrate that any

---

[3] Specifically, Collins was sentenced to two consecutive incarceration terms of five to ten years for prohibited possession of a firearm and aggravated assault and a consecutive six-to-twelve-year term for witness/victim intimidation. The other counts against him resulted in a determination of guilty without further penalty.

- 7 -

independent counsel has filed a brief on his behalf.

Notwithstanding the issue raised in the **Anders** brief, counsel's petition to withdraw must be considered prior to any substantive analysis of that issue. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). An **Anders** brief suggests that counsel believes an appeal is frivolous. Linked to that belief is counsel's desire to withdraw from representation, which requires counsel to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). As developed in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court illuminated the necessary components of an **Anders** brief, which require that counsel:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, at 361. If counsel complies with *Anders*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

After reviewing counsel's submissions, we find there has been satisfactory compliance with *Anders*. First, the petition to withdraw indicates that counsel "reviewed the record" and, in so doing, determined that "in [counsel's] professional opinion, … [Collins] is not entitled to relief as the claim[] asserted on appeal is[] wholly frivolous[.]" Application for Leave to Withdraw as Counsel, ¶¶ 1-2. Second, counsel's brief substantially conforms to the four requirements outlined in *Santiago*, including a well-developed summary of this matter's facts and procedural history. Third, counsel has included a copy of the letter that he sent to Collins, which demonstrates counsel's unequivocal intention to withdraw from representation and, too, apprises Collins of his right to either seek new counsel or proceed *pro se* to file additional claims. Resultantly, because the *Anders* requirements have been met, we proceed to review the "frivolous" claim asserted on Collins's behalf. Then, we conduct an independent review to ascertain whether Collins's appeal is, in fact, wholly unmeritorious.

The *Anders* brief solely challenges the discretionary aspects of Collins's sentence. A challenge to the discretionary aspects of a sentence does not

automatically ensure review on appeal. ***See Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). Prior to considering the merits of such a claim, we are required to consider:

> (1) whether the appeal is timely; (2) whether [Collins] preserved his issue; (3) whether [Collins's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, ***see*** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Collins filed a timely appeal, preserved the discretionary aspects issue via post-sentence motion, and the ***Anders*** brief includes a statement pursuant to Appellate Rule 2119(f). ***See Anders*** Brief, at 18. Accordingly, we must consider whether Collins has posed a substantial question.

Although terse, the ***Anders*** brief asserts that a substantial question exists where one avers that, upon resentencing, the court mechanically reimposed the same aggregate sentencing without consideration of individualized sentencing factors. ***See id***. Such a contention has been found to raise a substantial question. ***See Commonwealth v. Morgan***, 258 A.3d 1147, 1157 (Pa. Super. 2021) (noting that a substantial question exists where the lower court failed to consider the factors enumerated in the sentencing code in the context of the court not "starting afresh" upon resentencing); ***Commonwealth v. Serrano***, 150 A.3d 470, 473 (Pa. Super. 2016) (finding,

implicitly, there to be a substantial question predicated on, *inter alia*, the lack of consideration of that defendant's individualized needs prior to that specific resentencing juncture). Therefore, we proceed to a substantive review of Collins's claim.

Fundamentally, the **Anders** brief illuminates the issue of whether the court, upon resentencing, rotely imposed a sentence materially identical to the last aggregate sentence without any contemporary consideration of, *inter alia*, Collins's individual characteristics and circumstances. For challenges to the discretionary aspects of a sentence, we employ a well-settled set of precepts:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). Moreover, where the trial court sentenced within the guidelines, such as in the present matter, we may only vacate the sentence if it is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

A sentencing court is to consider the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, and the rehabilitative needs of the defendant. **See** 42 Pa.C.S.A. § 9721(b). On appeal, this Court is required to, *inter alia*, glean the nature and

circumstances of the offenses and history and characteristics of the defendant as well as take note of the opportunities that the sentencing court had to observe the defendant, specifically in contemplation of it having reviewed a pre-sentence investigation. *See* 42 Pa.C.S.A. § 9781(d).

> The *Anders* brief notes that Collins's individual sentences
>
> fall within the statutory maximum for the respective offenses and there is no illegality in the sentence–[Collins] was found ineligible for RRRI and that finding is supported by the record[.] [H]e was given credit for all time served regarding the cases at which a sentence of incarceration was imposed, and there was no mandatory minimum sentence provision imposed. As to the length of the sentence imposed, the [c]ourt, in the prior appeal in this matter, held the aggregate sentence of 23.5 to 47 years [of] incarceration was not an abuse of discretion.

*Anders* Brief, at 20-21 (record citation omitted).

In its opinion, the court distinguished the above-referenced *Serrano* case with the course of action it took in crafting Collins's new sentence. In *Serrano*, which featured resentencing following the finding of an illegal sentencing scheme,[4] the judge, in imposing an *identical* sentence, explicitly indicated on record that, in imposing this new sentence, he was not making an independent judgment on that defendant's case. *See* 150 A.3d at 474. Based on this admission, it was an abuse of discretion to simply "effectuate the intent of the prior sentencing judge." *Id*., at 475 (acknowledging that the sentencing court had an updated pre-sentence investigation report and that

---

[4] The sentence was found to be in violation of *Alleyne v. United States*. *See* 570 U.S. 99 (2013).

the defendant was given the opportunity to present evidence on his own behalf, but that this Court was unable to "ignore the court's outright admission that it did not believe its role was to take an independent look at the case[]") (record citation omitted).

Here, however, Collins provided to the court a memorandum in aid of sentencing, inclusive of an appendix, which provided "detailed information regarding [Collins's] criminal history and conduct since the original sentencing which was presented in lieu of procuring an updated pre-sentence report." Trial Court Opinion, 9/6/22, at 9-10 (internal quotation marks and brackets omitted). Whereas Collins's original aggregate sentence was twenty-three-and-one-half to forty-seven years of incarceration, his new aggregate sentence was substantially reduced to sixteen to thirty-two years. The court also noted that it obtained "the benefit of the information and documents regarding [Collins's] criminal history and conduct" and that Collins "was given the opportunity to make a statement prior to sentencing[.]" *Id*., at 10; **see** Resentencing Hearing, 5/4/22, at 4 (establishing that Collins made a statement). The court "also heard the argument of counsel regarding an appropriate sentence and, in fact, imposed the exact sentence requested by counsel[.]" *Id*.

Although the resentencing transcript is rather light on attendant explanation as to why the court reimposed the three individual sentences in the manner that it did, to demonstrate an abuse of discretion, there must be

some indicia that this new sentence is "either illegal or contrary to the general scheme of the Sentencing Guidelines, not how the sentence at hand may *appear* in comparison to an extinguished sentence." ***Commonwealth v. Bailey***, 818 A.2d 543, 545 (Pa. Super. 2003) (citation omitted) (emphasis in original). Furthermore, the ***Anders*** brief acknowledges that "[t]here is no issue here about whether the [c]ourt had a pre-sentence report and information on subsequent events. The [c]ourt provided the parties with access to the [non-updated] pre-sentence report over a week prior to re[]sentencing[.]" ***Anders*** Brief, at 21-22. Because the existence of a pre-sentence investigation report creates a presumption that the court was "aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors[,]" ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), there is no clear basis, unlike ***Serrano***, to find that presumption defeated. As such, we conclude that the court did not abuse its discretion in resentencing Collins to an aggregate incarceration term of sixteen to thirty-two years or, more particularly, at any of the sentence's discrete components, which all fell within the standard ranges of their respective sentencing guidelines.

Pursuant to ***Anders***, we have additionally reviewed the record independently to ascertain the existence of other non-frivolous issues. This review has uncovered nothing legally viable for Collins to have pursued on

appeal.

As we are unable to find any non-frivolous issues and further see no merit to the sole issue counsel has advanced, we grant counsel's petition to withdraw and affirm Collins's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2023